**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KULDIP SINGH,

          Petitioner,

    v.

FERETI SEMAIA, *et al.*,

          Respondents.

Case No. 5:26-cv-04055-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    RULING

On July 20, 2026, Petitioner Kuldip Singh ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, against Fereti Semaia, Warden of Adelanto ICE Processing Center; David J. Venturella, Acting Director of United States Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Todd Blanche, Acting Attorney General, Executive Office for Immigration Review. (Dkt. 1.) Consistent with recent decisions by this District and others, the Court finds that Petitioner's re-detention, without meaning pre- or post-deprivation process, violates due process. For the reasons stated herein, the Court GRANTS the Petition and

///

ORDERS Respondents to release Petitioner Kuldip Singh (A# 226-096-941) from custody immediately.

## II.    BACKGROUND

Petitioner is a 29-year-old native and citizen of India.  (Dkt. 1 at 5, 15.)  On or about June 14, 2024, Petitioner entered the United States without inspection.  (*Id.* at 15.)  Petitioner was arrested in the United States by Customs and Border Protection ("CBP").  (*Id.*)  Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226(a)(2)(B).  (*Id.*)  CBP did not conduct any interviews when he was arrested to determine his admissibility.  (*Id.*)  Petitioner was served a Notice to Appear on June 15, 2024, and placed into removal proceedings.  (*Id.*)  The Notice to Appear does not designate Petitioner as an "arriving alien[.]" (*Id.* at 16.)  On October 14, 2024, after his release, Petitioner filed an application for asylum.  (*Id.* at 15.)  Petitioner was never arrested and fully complied with the terms of his conditional parole, including having never missed any of his ICE appointments.  (*Id.* at 16.)  According to Petitioner, he was never deemed a danger to the community.  (*Id.* at 15.)  In May 2026, Petitioner received his employment authorization document.  (*Id.*)

On June 25, 2026, an immigration judge ordered Petitioner removed, which Petitioner has timely appealed.[1]  (*Id.*; Dkt. 1-1 at 24, 28.)  Petitioner was re-detained the next day.  (Dkt. 1 at 15.)

Petitioner is currently in ICE custody at the Adelanto ICE Processing Center in Adelanto, California.  (*Id.* at 4.)

In the Petition, Petitioner argues that Respondents violated his substantive and procedural due process rights, the Immigration Nationality Act ("INA"), as well as 8

---

[1] Respondents do not argue that Petitioner is detained pursuant to a final order of removal.  (*See generally* Dkt. 8.)  Given Petitioner's pending appeal of the immigration judge's June 25, 2026 order, on the record before the Court, Petitioner does not have a final order of removal.  (*See* Dkt. 1-1 at 24, 28.)

U.S.C. § 1357 and 8 C.F.R. § 287.3 and 287.8.  (*Id.* at 19–22.)  Among the relief he seeks, Petitioner requests that the Court grant the Petition, issue an order requiring his immediate release, or alternatively require Respondents to release Petitioner unless they provide him with a bond hearing under 8 U.S.C. § 1226(a) within seven days.  (*Id.* at 22–23.)

On July 27, 2026, the parties voluntarily consented to the assigned magistrate judge's jurisdiction under 28 U.S.C. § 636(c).  (Dkt. 6.)

Respondents filed their Answer to the Petition on July 28, 2026.  (Dkt. 8.)  They assert that "Petitioner appears to be a member of the Bond Eligible Class certified in" *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), *and amended and superseded on reconsideration*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  (*Id.* at 2.)  Respondents argue that Petitioner is not entitled to release, and if Petitioner were entitled to a remedy, the remedy would be a bond hearing.  (*Id.*)

Petitioner filed his reply on July 30, 2026, arguing that Respondents did not meaningfully oppose the Petition and do not dispute any of the material factual allegations presented in the Petition.  (Dkt. 9 at 2.)  Petitioner agrees that he falls within the *Bautista* bond eligible class.  (*Id.*)  In the Reply, Petitioner restates his request that this Court grant his Petition, ordering just and proper relief including immediate release from custody.  (*Id.*)

### III.   LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(a), (c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and

3

. . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV.   DISCUSSION

The Court first addresses whether Petitioner is a member of the *Bautista* bond eligible class, and then addresses Petitioner's procedural due process claim, as success on that claim would offer him the most significant relief, which is an order for release from custody.

### A.   Petitioner Is Not a *Bautista* Bond Eligible Class Member.

Before reviewing Petitioner's claims, the Court addresses Respondents' assertion that Petitioner is covered by the Court's decision in *Bautista*. Respondents argue that "Petitioner appears to be a member of the Bond Eligible Class certified in" *Bautista*. (Dkt. 8 at 2.) Petitioner appears to agree in his Reply. (Dkt. 9 at 2.)

The Court in *Bautista* certified the class as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 2025 WL 3288403 at *2. Here, Petitioner was apprehended and paroled after his arrival in the United States. (Dkts. 1 at 15; 1-1 at 7, 18.) Therefore, the Court finds

that Petitioner is not a member of the *Bautista* bond eligible class.  *See Bautista*, 2025 WL 3288403 at *2.  And, as this Court has previously held, individuals with valid parole status are entitled to due process before the Government deprives them of their liberty.  *See, e.g., Y.L.S. v. Santacruz*, No. 5:25-cv-02927-CV (MBKx) (C.D. Cal. Nov. 20, 2025).  Accordingly, as discussed below, Petitioner is entitled to release rather than a bond hearing.

**B.      Petitioner's Detention Violates Due Process.**

Petitioner argues that the revocation of his conditional parole and his re-detention violate his procedural due process rights under the Fifth Amendment.  (Dkt. 1 at 20–21.)  Respondents only assert that Petitioner appears to be a member of the *Bautista* bond eligible class, which the Court has already addressed above.  (Dkt. 8 at 2.)  Notably, Respondents provide no response to Petitioner's due process claim in their Answer.  (*See generally* Dkt. 8.)  Accordingly, the Court construes Respondents' failure to address Petitioner's due process claim as a concession.  *See e.g.*, *Soleimani v. Larose*, No. 25-CV-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *Aperyan v. Semaia*, No. 5:26-CV-00699, 2026 WL 874734, at *4 (C.D. Cal. Mar. 27, 2026) (same).  Nonetheless, the Court analyzes Petitioner's due process claim below for the sake of thoroughness.

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The right to due process extends to noncitizens in the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United

States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . . be deprived of life, liberty, or property without due process of law[.]"); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

### 1. Protected Liberty Interest

It is well-established that freedom from government detention is a protected liberty interest. *See Zadvydas*, 533 U.S. at 690. Though the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment nonetheless "entitles [noncitizens] to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205–06 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)). Many courts in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025).

Accordingly, Petitioner—who was conditionally paroled into the United States, has lived in the country since his parole, complied with all of the conditions of his parole, and has valid work authorization—has a vested liberty interest in remaining free

from detention.

### 2. Mathews Test

The Court applies the three-part test established in *Mathews v. Eldridge* to determine whether the government's procedures were constitutionally sufficient. 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (cleaned up).

The *Mathews* test balances three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

Because Petitioner was initially conditionally paroled into the United States, has lived in the community for over two years, and has received valid work authorization, he has a significant liberty interest in remaining free from detention that must be protected by adequate procedural safeguards. *See Morrissey v. Brewer*, 408 U.S. 471, 481–82, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) ("The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions . . . . [T]he liberty [of a parolee] is valuable and must be seen as within the protection of the Fourteenth Amendment."); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). Here, as noted, Petitioner was released from CBP custody after his initial apprehension and has been free for more than two years, living in the community and complying with the conditions of his parole. His release constituted an "implied promise" that his liberty would not be revoked unless he failed to live up to the conditions of his release. *See Morrissey*, 408 U.S. at 482.

Accordingly, Petitioner's private interest in retaining his liberty is significant and this factor weighs in Petitioner's favor.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. *Zadvydas*, 533 U.S. at 693–94.  Respondents do not argue that Petitioner is or has been previously determined to be at flight risk or a danger to the community. *See Pinchi*, 792 F. Supp. 3d at 1034 ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither.").  Respondents do not contest that Petitioner has abided by the conditions of his initial release from Respondents' custody over two years ago.  Based on the record before the Court, Petitioner appears to have no criminal history of arrests or convictions.  Thus, the Court finds no reason to determine that Petitioner would be a danger to the community.  Accordingly, the Court finds that the risk of erroneous deprivation is high, and this factor weighs in Petitioner's favor.

Third, the Court finds that the government has a low interest in keeping Petitioner detained.  As explained, the government has not shown that Petitioner's detention serves either to prevent flight or a danger to the community. *See Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.").  "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." *Pinchi*, 792 F. Supp. 3d at 1036.  "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Singh v. Andrews*, 803 F.

Supp. 3d 1035 (E.D. Cal. 2025).  "The government's interest is further diminished where a person 'has consistently appeared for her immigration hearings . . . and [ ] does not have a criminal record." *Id.* (citation omitted).

After considering all three *Mathews* factors, the Court concludes that Petitioner's re-detention without any pre-deprivation notice or hearing violates his procedural due process protections.  Having found Respondents violated Petitioner's procedural due process rights, the Court need not address Petitioner's remaining claims.

**V.   CONCLUSION**

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1)   Respondents to release Petitioner Kuldip Singh (A# 226-096-941) immediately under the same conditions as he was released prior to his re-detention;

(2)   Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3)   Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4)   That any future enforcement actions after Petitioner's release must comply with Due Process requirements, including that Respondents shall not re-detain Petitioner without providing him with notice and pre-detention hearing before a neutral decisionmaker.

DATED: August 10, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

9
